IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA AGUILAR-MOYA<br>Plaintiff<br><br>vs<br><br>COMMONWEALTH OF PUERTO RICO represented by the Secretary of Justice, Hon. Roberto Sánchez-Ramos, which responds for the negligent actions or omissions of the PUERTO RICO POLICE DEPARTMENT<br><br>Defendants | CIVIL 06-1513CCC |

# O R D E R

Before the Court are the Commonwealth of Puerto Rico and the Puerto Rico Police Department's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) (**docket entry 6**) based on Sovereign Immunity or Eleventh Amendment protection and the plaintiff's Response in Opposition to Motion to Dismiss (**docket entry 8**). For the reasons stated below the Motion is GRANTED.

I.   Introduction

Plaintiff brought a suit under 42 U.S.C. §1981, §1983, §1985, §1986 and §1988, as well as the First, Fifth and Fourteenth Amendment of the United States Constitution against the defendants. Plaintiff also invokes the supplemental jurisdiction of this Court to hear claims under Article II, Sections 1, 4, 6, 7, 8 and 16 of the Constitution of Puerto Rico (1 LPRA 13, et seq.); 29 LPRA 146 (Law 100 of June 30, 1995); 29 LPRA 194 (Law 115 of December 20, 1991), as well as Article 1802 of the Puerto Rico Civil Code (31 LPRA 5141). Plaintiff alleges discrimination based on her gender, emotional harassment, and lack of cooperation with the intent of creating a hostile environment against her. Plaintiff is seeking only compensatory damages.

CIVIL 06-1513CCC                                               2

II.     Legal Standard for a Motion to Dismiss

"Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N. A., 534 U.S. 506, at 512 (2002). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). Under Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in plaintiff's favor. Correa Martínez v. Arrillaga Beléndez, 903 F.2d 49, 51 (1st Cir. 1990). However, "because only well-pleaded facts are taken as true, we will not accept a complaint's unsupported conclusions or interpretations of law" Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). And under Federal Rule of Civil Procedure 8(f), "all pleadings shall be so construed as to do substantial justice."

III.    Eleventh Amendment Immunity

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. Amend. XI.* This Amendment bars federal suits by citizens against the state or state agencies regardless of the nature of the relief sought. O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000) (quoting Penhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984)). Furthermore, it has been clearly established that, for Eleventh Amendment purposes, the Commonwealth of Puerto Rico is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it. Metcalf & Eddy, Inc., v. Puerto Rico Aqueduct and Sewer Auth., 991 F.2d 935 (1st Cir. 1993); Ramírez v. Puerto Rico Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983). The Eleventh Amendment bars suits in federal courts by

CIVIL 06-1513CCC                                      3

private parties against an unconsenting state and said bar extends to government instrumentalities which are an arm or "alter ego" of the state. Mt. Healthy City School District v. Doyle, 429 US 247 280-281 (1977). "It is settled law that the Puerto Rico Police Department is an alter ego of the state and cannot be sued in federal court." Suárez Cestero v. Pagán Rosa, 996 F.Supp. 133, 142-43 (D.P.R. 1998) (citing Rivera v. Medina, 963 F.Supp. 78, 82 (D.P.R. 1997); Reyes v. Supervisor of DEA, 647 F.Supp. 1509, 1513 (D.P.R. 1986) *modified on other grounds*, 834 F.2d 1093 (1st Cir. 1987)). As with claims against the Commonwealth itself, "the claims in federal court for damages against the Police Department are precluded by the Eleventh Amendment, since they must, if successful, be satisfied from the coffers of the Commonwealth of Puerto Rico." Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097-98 (1st Cir. 1987).

Nevertheless, under the Eleventh Amendment, two relevant exceptions exist. All states are immune from suits by citizens in federal courts, unless the state waives immunity or Congress overrides it, as it may do in limited situations. Seminole Tribe v. Florida, 517 U.S. 44, 57-68, 116 S.Ct. 1114, 134 L.Ed. 2d 252 (1996). Congress may abrogate a State's immunity by expressly authorizing such a suit in the exercise of its power to enforce the Fourteenth Amendment. College Sav. v. Florida Prepaid Post Secondary, 527 US 666, 670, 119 S.Ct. 2219 (1999). Such an abrogation, however, must be an "unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States." Pennhurst, 465 U.S. at 99 ( internal citation omitted).

Neither exceptions apply in this case. It is well known that the Commonwealth of Puerto Rico and its dependencies have not waived their Eleventh Amendment immunity to be sued for damages in federal court. Figueroa Rodríguez v. Aquino, 863 F.2d 1037, 1045 (1st Cir. 1988); 32 LPRA § 3077. And the Supreme Court has held that Congress did not abrogate or override the State's Eleventh Amendment immunity by enacting 42 U.S.C. §1983. Hafer v. Melo, 112 S.Ct. 358, 364 (1991); Quern v. Jordan, 99 S. Ct. 1139 (1979). Congress

CIVIL 06-1513CCC                    4

has similarly not abrogated State immunity for claims under 42 U.S.C. §1981 or §1985. Cimino v. Del Dep't of Labor, 2002 U.S. Dist. Lexis 2979; Quern v. Jordan, 440 U.S. 332, 345, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979); Henry v. Texas Tech Univ., 466 F. Supp. 141, 146 (N.D. Texas 1979); Carmen v. San Francisco Unified School Dist., 982 F. Supp. 1396, 1404 (N.D. Cal. 1997). And sections 42 U.S.C. §1986 and §1988 do not provide independent jurisdiction. Locust v. Degiovanni, 485 F. Supp. 551(1980). Since the Commonwealth's immunity has not been waived or abrogated under sections 42 U.S.C. §1981, §1983, §1985, §1986 and §1988, plaintiff cannot sue the Puerto Rico Police Department or the Commonwealth of Puerto Rico for money damages.[1]

Also as a result the Immunity provided by the Eleventh Amendment, the Court does not have supplemental jurisdiction over the pendant state law claims brought against defendants. Raygor v. Regents of the Univ. of Minnesota, 534 U.S. 533, 152 L. Ed. 2d 27, 122 S. Ct. 999 (2002) (holding that a non consenting State has Eleventh Amendment immunity for all pendant state claims brought to federal court pursuant to 28 U.S.C. §1367).

IV.     Conclusion

For the reasons before mentioned, the motion to dismiss the complaint filed by the Commonwealth of Puerto Rico and the Puerto Rico Police Department (**docket entry 6**) is GRANTED. Judgement will be entered dismissing this action, without prejudice of being brought in the courts of the Commonwealth of Puerto Rico.

SO ORDERED.

At San Juan, Puerto Rico, on October 18, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[1] Although Title VII of the 1991 Civil Right Act is in the reference space of the complaint, plaintiff never states a claim or makes an allegation under that specific title. Thus, we not consider that the complaint had also pled a claim under Title VII.